IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DARRIN MALSACK,<br><br>Plaintiff,<br><br>vs.<br><br>COW PROPERTIES, LLC and<br>COW, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>CIVIL ACTION<br><br>Case No. 2:26-CV-02120 |

**COMPLAINT**

COMES NOW, DARRIN MALSACK, by and through the undersigned counsel, and files this, his Complaint against Defendants, COW PROPERTIES, LLC and COW, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' COW PROPERTIES, LLC and COW, INC., failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff, DARRIN MALSACK (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Milwaukee, Wisconsin (Milwaukee County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property within six months after the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, COW PROPERTIES, LLC (hereinafter "COW PROPERTIES, LLC"), is a domestic limited liability company that transacts business in the State of Wisconsin and within this judicial district.

8. Defendant, COW PROPERTIES, LLC, may be properly served with process for service via its Registered Agent, to wit: c/o John M. Remmers, Registered Agent, 1601 E. Racine Ave., Suite 200, P O Box 558, Waukesha, WI 53187.

9. Defendant, COW, INC. (hereinafter "COW, INC."), is a domestic corporation that transacts business in the State of Wisconsin and within this judicial district.

10. Defendant, COW, INC., may be properly served with process for service via its Registered Agent, to wit: c/o John M. Remmers, Registered Agent, 1601 E. Racine Ave., Suite 200, PO Box 558, Waukesha, WI 53187.

**FACTUAL ALLEGATIONS**

11. On or about May 26, 2026, Plaintiff was a customer at "Culver's" a business located at 4220 W. Oakwood Park Ct., Franklin, WI 53132 referenced herein as "Culver's". Attached is a receipt documenting Plaintiff's purchase. See Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

12. Plaintiff lives 7 miles from the Property.

13. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

14. In the previous years, Plaintiff would visit this Culver's restaurant as a customer at least twice a month.

15. Defendant, COW PROPERTIES, LLC, is the owner or co-owner of the real property and improvements that Culver's is situated upon and is the subject of this action.

16. Defendant, COW, INC., is the lessee or operator of the real property and improvements that are the subject of this action.

17. Defendant, COW PROPERTIES, LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, COW PROPERTIES, LLC and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the

Property which are public accommodations. See 28 CFR § 36.201(b).

18. Plaintiff's access to the Culvers located 4220 W. Oakwood Park Ct., Franklin, WI 53132, Milwaukee County Property Appraiser's property tax key number: 9010001001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

19. Plaintiff has visited the Property over ten times before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of Culver's, to determine if and when the Property is made accessible and for Advocacy Purposes.

20. Plaintiff intends on revisiting the Property to purchase food, goods, and services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access are removed.

21. Plaintiff travelled to the Property over ten times before as a customer and as an independent advocate for the disabled, personally encountered all barriers to access the Property that are detailed in this Complaint, engaged these barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the

Property identified in this Complaint are not removed.

22. Plaintiff, over the course and scope of his previous visits, encountered all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

23. Plaintiff's inability to fully access the Property and the public accommodation within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

24. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

25. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers,

overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

26. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

27. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

28. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

29. The Property is a public accommodation and service establishment.

30. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

31. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

32. The Property must be, but is not, in compliance with the ADA and ADAAG.

33. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Plaintiff intends to visit the Property in the very near future as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35. Defendants, COW PROPERTIES, LLC and COW, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C.

§ 12182(b)(2)(A)(iv).

36. Defendants, COW PROPERTIES, LLC and COW, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, COW PROPERTIES, LLC and COW, INC., are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

37. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff encountered and engaged prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i) Due to the raised curb where the access aisle meets the access route, one of the three accessible parking spaces is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This barrier to access would make it difficult and dangerous for Plaintiff to access the accessible entrance from this accessible parking space as the far location increases the likelihood of traversing into the vehicular way and getting struck by a vehicle or encountering a barrier to access which stops Plaintiff from accessing the public accommodations offered at the Property.

(ii) Due to a policy of placing a large trash can at the top of the accessible ramp, landing at the top of the accessible curb ramp leading to the accessible entrance

does not have 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards. This barrier to access would make it difficult and dangerous for Plaintiff to access the Property because the lack of a level landing would either completely prevent access or, at a minimum, cause Plaintiff to have to turn on sloped surface exposing Plaintiff to dangerous cross-slopes risking tipping over.

(iii) Due to the barrier to access identified in (ii) above, the surfaces of the accessible route lack a level turning space of at least 60 inches in diameter circle or a 60-inch square minimum t-shaped space in violation of Section 304.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because if Plaintiff is forced to turn on a sloped surface this can cause the wheelchair to tip over and cause injury.

(iv) As a result of the barriers to access identified in (ii) and (iii) above, the surfaces of the accessible route have a cross-slope in excess of 1:48, in violation of Section 403.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because excessive cross-slope along accessible routes increases the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff. Moreover, this barrier would force Plaintiff to confront additional dangers causing increased anxiety and trepidation.

(v) Due to the barriers to access identified in (ii), (iii), and (iv) all three accessible parking spaces are not on an accessible route in violation of section 208.3.1 of

the 2010 ADAAG Standards. This barrier to access makes it difficult and dangerous for Plaintiff and others in a wheelchair to park at an accessible parking space and enter this public accommodation.

(vi) There is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards. If Plaintiff were to eat at the Property in the future, this barrier to access would prevent Plaintiff from using the dining surfaces currently present as Plaintiff's own feet would block Plaintiff's ability to access the dining surfaces.

(vii) On the southern side of the Property, the surfaces of the accessible route leading from the public sidewalk have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property as ramps are often more difficult for disabled individuals to traverse and require handrails on both sides so that the disabled individual can use the handrail to assist them up the sloped surface.

(viii) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**CULVER'S RESTROOMS**

(ix) The accessible toilet stall door is not self-closing and violates Section 604.8.1.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely and privately utilize the restroom facilities.

(x) The accessible toilet stall door swings into the clear floor space required by the stall and violates Section 604.8.1.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

38. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

39. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

40. According to the Milwaukee County Property Appraiser, the Property was built in 2001. As such, the proper standard by which to adjudicate the removal of barriers to access is either the 2010 ADAAG Standards or the 1991 Standard. The readily achievable standard does not apply to the removal of barriers to access on this Property.

41. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

42. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, COW PROPERTIES, LLC and COW, INC., are required to remove the physical barriers,

dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

43. Plaintiff's requested relief serves the public interest.

44. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, COW PROPERTIES, LLC and COW, INC.

45. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, COW PROPERTIES, LLC and COW, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

46. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, COW PROPERTIES, LLC and COW, INC., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, COW PROPERTIES, LLC and COW, INC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, COW PROPERTIES, LLC and COW, INC., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, COW PROPERTIES, LLC and COW, INC., to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 13, 2026

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7284 W Palmetto Park Road, Suite 101 PMB 93
Boca Raton, FL 33433-3406
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com